Good morning, Your Honors. My name is Tony Gallagher. I'm the Federal Defender for the District of Montana, and I'm here today representing Brian Scott Phillips. I'd like to first apologize to the Court. I have an allergy attack, and I may be less forceful in my voice as I usually am. Your Honors, this appeal involves two issues. The first is related to the psychosexual report that the trial court refused to seal, and the second goes to the reasonableness of the 87-month sentence that was imposed by the trial court. Because of the time limits, I'm going to focus on the first of those two issues, but I'll be glad to answer any questions that the Court may have with regard to the second. The second turns on the results in Rita and Claiborne, now pending before the United States Supreme Court, and, of course, Zavala and Cardi, now pending en banc in this Court. Your Honors, in cases dealing with the First Amendment, the right to access to criminal proceedings and criminal documents, the decisions of this Court and the Supreme Court have emphasized two complementary considerations. The first has the place of prosecution process in open to the general public. And second, does the public access play a significant role in the functioning of that particular process in question? Once those threshold questions are answered, we then must go to a consideration of whether or not closure is appropriate because of some compelling reason put forth by the proponent of sealing. In this particular case, Your Honors, I certainly believe that that threshold issue, that threshold was not crossed by the district court. Well, the district court obviously got the standard of lawless. Yes, Your Honor. Okay. So then the question is, did he apply it? Did he abuse his discretion  Yes, Your Honor. I can't say because he made a finding, A, that there was no compelling reason, B, that this wasn't a treatment. This was not a, you know, a kind of confidential report that one would have the privilege not to disclose, and I don't know whether that's right or indifferent. Isn't that the end of this? No, Your Honor, it's not. First of all, I most respectfully disagree with the district court's assessment of whether or not this was a treatment record. I'm sure, but I can't. I don't know. I don't have the report. No, Your Honor, it's not sealed. I have no knowledge of it. I understand that. So how can I make a decision? Your Honor, because we don't have the threshold being crossed here, is this the type of document that is historically open to the public? Well, isn't the presumption in judicial proceedings in our courts that everything is open unless there's a reason not to? Isn't the going-in presumption that everything should be public? Well, that's absolutely true. But in all of the cases that discuss the openness of the public proceedings, there is that threshold question of whether or not this particular document, proceeding or process, is traditionally open to the public. For instance, a jury is not open to the public. It's traditionally been so. Traditionally, PSRs, pre-sentence investigation reports, are not open to the public. But things that a defendant wants to say in litigation, whether at allocution or otherwise, normally are open, aren't they? Absolutely. Okay. So if a defendant wants to bring forward information that is otherwise embarrassing, that's sort of the defendant's problem. That is the defendant's problem. But in this particular case, it wasn't the defendant speaking so much as it was a psychosexual evaluator who was speaking and giving her professional opinion with regard to his background, with regard to the impact of this particular offense, and with regard to the impact of a long period of imprisonment as opposed to a community treatment. So it was totally different than an allocution on a defendant's behalf where he stands up and says, Judge, please grant me mercy. But it was his choice to say, please grant me mercy because of this information. It was a piece of the information. But, yes, you're absolutely correct. That's what he wanted the judge to consider. But in, I believe, a measured judgment on his part, rather than release that information to the public, and with electronic filing judges, we all know that whatever we file is immediately accessible to the public. But that's why I used the analogy that I did, because an allocution is public too. And if someone wants to get up and say, you know, you should give me a break because I suffered horribly as a child and nobody has known this before and it could be terribly embarrassing, I don't understand why that isn't just the defendant's – the burden that goes with the benefit that the defendant seeks from revealing that to the court. Well, I disagree most respectfully, Your Honor, because of two things. First of all, his allocution is certainly an open court, but it's not available to the public at large through the Internet, because the transcripts Why not? If somebody is sitting there, a reporter happens to come in that day, puts it on their blog, I mean, what's – why not? Then that's what happens. But it's not immediately available, and it's not going to be available ad infinitum into the future of this country, because it's not part of the court record. It's not a document that has been filed. It's not something that somebody can read and utilize at a later time. So you're saying there's a legal distinction between something that is stated on the record in open court and a document that's presented to the court? No, Your Honor, I'm not. Obviously, there's a distinction there drawn between a reporter sitting in the courtroom and who demands to be there and rightfully should be there, as to one who wants access to a document that may have embarrassing information, diagnostic information, prognostic information, and a recommendation to the court with regard to treatment alternatives. That document, that document, we believe, is a treatment record. But that document, we also believe, does not reach the threshold question in Oregonian in Press Enterprises I and II that it's not the type of document that is traditionally open to the public. Mr. Gallagher, why didn't you just submit the report to the probation office? Your Honor, the report was not completed, first of all. In time for the – The probation office exists. It does. So why didn't you just do that? I mean, that would solve the problem. Your Honor, it was my judgment at that point that I would rather submit it directly to the court for the court's consideration in toto. Well, you see, I think what you did was to present the court with an either-or situation. The court said, no, there's a presumption that the documents are open, and there's no compelling reason here. And I – see, I just have a hard time understanding why, if – if there were embarrassing information in there, because I don't know, if there were embarrassing information or if there were confidential information of some sort, that you didn't want to present it to the probation office. That ends it. That would have been an alternative, certainly, and I didn't exercise that alternative in this case. Your Honor, I suppose it could have been – I mean, once it was rejected by the court, I suppose we could have asked that we made part of the record under seal, and the court is considering it, and then there's nothing that we could have done. Your Honor, that's exactly what the court refused to do. That's exactly what the court refused to do. They refused to seal the report. And he said if it was going to be a matter of record, it would be open to the public. Yes, Your Honor, if I could have done that, I did not. But in this particular case, I want to emphasize to the court that no one of the parties and no one outside the parties, there were no interveners, there were no third parties, who requested access to this particular document. In the cases, the vast majority of which cited by both the defense and by the prosecution in this particular appeal, speaks to the rights of those interveners, those third parties, the press, right? No one made such a request in this particular case for access to that document. And I don't think anybody would have made such a request. Which suggests that there was no reason to seal it. Which suggests that there was no reason to have it not sealed. To have it open to the public creates all types of the possibility for mischief at a later time, not so much by the press, not so much by an interested intervener, but more by the uninterested intervener, someone who would want to take advantage of that information, either during my client's incarceration, which is a possibility, and during my client's revised release or later release to the community. That particular information, very private, very damaging, should not have been available to the public. And faced with that Hobson's choice, my client and I made the choice not to make it open to the public as it would have been if it had been available on CMS. Your Honor. Yes, Your Honor. Your Honor, I have about 40 seconds left, and I'd like to reserve that time. You're actually over. I don't have any time left, but I'd still like to think about it before you give  May it please the Court. My name is Marcia Hurd, and I'm an assistant U.S. attorney in the District of Montana. I represented the United States in the case below and also here on appeal. I think the Court is accurate in that the issue here is, did Judge Haddon abuse his discretion in refusing to seal this document, and the finding that Mr. Phillips made no compelling reason showing that that document should be sealed. The problem with this case at the posture we're in is the fact that the appellate court and the three of you do not have this document. You have no way of knowing what is in the document or whether it, in fact, contains embarrassing or scandalous material as alleged by the defense attorney. Since that is not part of the record, it makes it very difficult, I think, for you to make any kind of a finding that there was an abuse of discretion here. The Court made a specific finding factually that this was not a treatment record, that this was not protected under federal law as a treatment record, and that there was no compelling reason shown by Mr. Phillips that that document should be sealed. The presumption is, of course, that every document filed within the court system is open unless a sealing order is needed, and the two types of documents that have generally been withheld under seal are grand jury material or search warrants that are issued still in the midst of an investigation. Pre-sentence reports are often considered documents that are not releasable, but a person can get a copy of a pre-sentence report if you make the proper showing to the district court. And I think the point is well made that in this case, numerous other options were available. This report could have been submitted to the author of the pre-sentence report to the Probation Department, and they could have excerpted certain portions and placed them in the pre-sentence report itself. In addition, they could have filed a motion for portions of the record to be redacted or file a document of this report with items redacted that they did not want to have considered. There were other potential ways of handling this rather than an engaging with the district court of you do it my way or we're not going to do it at all. And what the district court's finding here was that this was a document made specifically for the court's consideration to ameliorate or to lessen sentence and to take into account Mr. Phillips' personal history and characteristics, his amenability to treatment, those kinds of things. And Judge Haddon specifically noted on the record that it was absolutely incongruous to have a document filed under seal that was going to be a reason to lessen or mitigate the sentence imposed in a public place and in a public court. And he indicated that he felt that the public had the right to know upon what information he was relying in making that sentencing judgment. The fact that no one intervened in this case and sought the document to be open or that no one objected to the sealing of the document is not the question this court is presented with. This court is presented with the question of whether the district court judge abused its discretion in taking the position that it did. In terms of what the evaluation itself contains, that's information that you don't have. But it is presented in the defendant's briefs below and on appeal as being information that could lessen his sentence. But we can't say that because we don't know what's contained within that report for you to review. Putting forth this report and the recommendations contained in the report are really no different than calling an expert witness in the public forum at sentencing and having that witness talk about the various tests that they have given to Mr. Phillips and what the results were and what the recommendations would have been, a practice that is often done in psychological evaluations, medical evaluations or sex offender evaluations in various cases. If in fact he wanted the court to consider this as part of his elocution or part of his argument for a lesser sentence, then it is the public's right to know this information and that's what the district court found. The burden is upon him to show the compelling reason. District court clearly found that there was no compelling reason shown here and the district court made a suggestion for some potential compromises, but the timing, obviously we were at the sentencing proceeding and the defendant had already made specifically clear that he was not going to file this report at all for the court's discretion and that there was no attempt at a compromise position that could have made some of that information available for the court to look at. Your Honor, I think that the sentencing argument is set forth in my brief and I believe, again, as Mr. Gallagher does, that there are obviously decisions coming out in Rita and Claiborne, Zavala and Cardi that would have some bearing on the court's decision and so unless there are further questions, I don't have any other comments to make. No questions for me. No further questions. Thank you. Thank you. Your Honor, my rebuttal will be very brief. I just ask the Court to look again at Oregonian, which sets out the process where the court hears from those who state an objection to sealing and then moves on to the trial court's reasons for supporting closure or the party's reasons for supporting closure. In this particular case, there has been an abuse of discretion because that particular process was not followed. As both parties have indicated to the court in their respective papers, neither party wanted this open. Both parties wanted it sealed. The process then outlined in Oregonian was not followed by the district court. There being no objection from anyone to sealing, there was no reason not to seal. Thank you. Thank you. The matter is submitted and all the other matters on this calendar have been submitted and the Court will adjourn.
judges: Pregerson, Rymer, Graber